**Alemseghed Ghirmai SHIFERAW, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 03–60684
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Sept. 1, 2004.

* Pursuant to 5TH CIR. R. 47.5, the court has

Paul S Zoltan, Law Office of Paul S Zoltan, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, Washington, DC, Anne M. Estrada, Dallas, TX, Rena Isabelle Curtis, John Clifford Cunningham, John Ashcroft, Washington, DC, Caryl G. Thompson, New Orleans, LA, for Respondent.

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

 Petitioner Alemseghed Ghirmai Shiferaw seeks review of the July 24, 2003,

determined that this opinion should not be

192

decision rendered by the Board of Immigration Appeals ("BIA"). The BIA denied Shiferaw's motion for reconsideration of its decision denying his earlier motion to reopen his removal proceedings. He asserts that the immigration judge ("IJ") erred in denying his application for asylum, withholding of deportation, and protection under the Convention Against Torture. He also contends that the BIA erred in affirming the IJ's decision without opinion and in denying his motion to reopen. As Shiferaw did not file a petition for review within 30 days of the BIA's orders affirming the IJ's decision and denying his motion to reopen, we do not have jurisdiction to review those orders. *See Karimian–Kaklaki v. I.N.S.,* 997 F.2d 108, 111 (5th Cir. 1993).

■ As Shiferaw filed a petition for review within 30 days of the BIA's July 24, 2003, order denying his motion for reconsideration, however, we have jurisdiction to review that order. *See id.* The record supports the BIA's determination that Shiferaw, in his reconsideration motion, failed to point to any legal or factual error by the BIA in denying his motion to reopen. As a result, Shiferaw has not shown that the BIA abused its discretion in denying his reconsideration motion on the grounds that he had failed to make such a showing. *See* 8 C.F.R. § 1003.2(b)(2). Accordingly, Shiferaw's petition for review is

DENIED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.